UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONY ADIEL VILLATORO HERNANDEZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

CASE NO. 2:26-cv-03561-BAT

**ORDER DENYING PETITION AND DISMISSING CASE**

Before the Court is immigration detainee Rony Adiel Villatoro Henandez's second petition for writ of habeas corpus. The Court **DENIES** the petition as follows.

On May 22, 2026, Petitioner by counsel filed in this Court his first § 2241 habeas petition in case number 2:26-cv-01764-TMC. He alleged he is member of the *Rodriguez Vazquez v. Bostock* "Bond Denial Class," is held under 8 U.S.C. § 1226(a); lacks lawful status, is detained at the Northwest ICE Processing Center and entered the United States in 2014. As relief, Petitioner requested the Court order Respondents to provide him a bond hearing under 8 U.S.C. § 1226(a) within fourteen days of a request from Petitioner. On June 1, 2026, the Court ordered Respondents "Within fourteen days of receiving Petitioner Rony Villatoro-Hernandez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a)."

On September 22, 2026, petitioner filed the habeas petition now before the Court. This petition neither mentions Petitioner filed a first petition nor the order directing Respondents to provide a bond hearing upon Petitioner's request. Instead, it alleges the present habeas petition is "Petitioner's only meaningful avenue to obtain a constitutionally adequate custody determination." Respondents disagree arguing the Court granted the relief Petitioner requested in his first petition that a bond hearing be provided upon Petitioner's request; Petitioner has not requested a bond hearing; and Petitioner should not now be allowed to seek relief he could have, but did not seek in this first petition.

There is no dispute Petitioner seeks for the second time relief from immigration detention. The abuse of the writ doctrine generally "forbids the reconsideration of claims that were or could have been raised in a prior habeas petition." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citation omitted). A "successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo*, 645 F.3d at 1049 (citations omitted).

Petitioner's first petition contended that as an immigration detainee who was a member of the *Rodriguez Vasquez* class, Respondents were obligation to provide him a § 1226(a) bond upon his request. The Honorable Tiffany M. Cartwright granted Petitioner this relief. Petitioner's present petition again challenges his detention but this time arguing that he should be immediately released because he was detained without notice or a predetention hearing before a neutral decision maker in violation of his due process rights.

While Petitioner's present argument is different from argument he raised in his first

petition, it does not establish cause under the abuse of the writ doctrine. When Petitioner was arrested, he knew he had lived in the country for 12 years and had been detained without notice or a predetention hearing before a neutral decision maker. The habeas claim he now brings was obviously known to him and could have been raised as it was ripe when he filed his first habeas petition. Moreover, Petitioner was represented by counsel when he filed his first habeas petition. There is no basis showing why he could not or should not have raised the present claim in his initial pleading. Moreover, the Court granted Petitioner the right to a § 1226(a) bond hearing. The Court declines to grant release when Petitioner has not availed himself of the relief earlier ordered.

The Court accordingly FINDS and ORDERS:

1. The claim presented here could have and should have been raised in the first habeas petition and the Court declines to entertain the claim under the abuse of the writ doctrine and DENIES the relief requested--immediate release--and DISMISSES the petition.

2. The denial of this petition does not affect Judge Cartwright's order that Petitioner is entitled to and shall be granted a bond hearing within 14 days of his request for such a hearing.

DATED this 15th day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge